UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MARY C. WHITMORE,

                                        Plaintiff,

                                                              DECISION AND ORDER

                                                              05-CV-6343L

                    v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,[1]

                                        Defendant.

_____

        Plaintiff appeals from a denial of disability insurance benefits by the Commissioner of

Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g)

to review the final determination of the Commissioner.

        On May 23, 2002, plaintiff filed an application for a period of disability and disability

insurance benefits under Title II of the Social Security Act, alleging a disability onset date of

December 30, 2000 due to a neck injury, degenerative cervical disc disease, and depression. Her

application was initially denied. (T. 72, 73-76). Plaintiff requested a hearing, which was held

on November 2, 2004 via teleconference before Administrative Law Judge ("ALJ") Michael J.

Cummings. (T. 52-71). Following the hearing, the ALJ issued a decision on November 24,

_____

        [1]Plaintiff's complaint names former Commissioner of Social Security Joanne B. Barnhart
as the defendant. Michael J. Astrue, the current Commissioner, automatically is substituted as
the defendant pursuant to Fed. R. Civ. P. 25(d)(1).

2004, that plaintiff was not disabled under the Social Security Act. (T. 11-30). That decision became the final decision of the Commissioner when the Appeals Council denied review on April 25, 2005. (T. 4-6). Plaintiff now appeals.

## DISCUSSION

To determine whether a claimant is disabled within the meaning of the Social Security Act, the ALJ proceeds through a five-step sequential evaluation. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 CFR §404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two, and determines whether the claimant has an impairment, or combination of impairments, that is "severe," e.g., that imposes significant restrictions on the claimant's ability to perform basic work activities. 20 CFR §404.1520(c). If not, the analysis concludes with a finding of "not disabled." If so, the ALJ continues to step three.

At step three, the ALJ examines whether the claimant's impairment meets or equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4. If the claimant's impairment meets or medically equals the criteria of a listing and meets the durational requirement (20 CFR §404.1509), the claimant is disabled. If not, analysis proceeds to step four, and the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis notwithstanding limitations for the claimant's collective impairments. *See* 20 CFR §404.1520(e), (f). Then, the ALJ determines whether the claimant's RFC permits him to perform the requirements of his past relevant work.

- 2 -

If so, the claimant is not disabled.  If not, analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled, by presenting evidence demonstrating that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his age, education, and work experience.  *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir.1999), *quoting Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir.1986).  *See* 20 CFR §404.1560(c).

The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards.  *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir.1991).  Substantial evidence is defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938).  "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'"  *Tejada v. Apfel,* 167 F.3d 770,  774 (2d Cir. 1998) *quoting  Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir.1997).  Still, "it is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir.1999).  "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute our judgment for that of the Commissioner."  *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir.2002).

ALJ Cummings issued a thorough, 17-page decision considering plaintiff's claim of disability, and made detailed findings to support his decision. I have reviewed the record, and I believe that the ALJ applied the correct legal standards, and that there is substantial evidence to support his decision that the plaintiff is not totally disabled.

The ALJ discussed at length the medical evidence, focusing, appropriately, on plaintiff's neck injury, cervical disc disease, and depression. I believe the evidence supports the ALJ's decision that plaintiff, a fifty-one year old woman with a high school education and previous work as a hospital and private duty nurses's aide, department store clerk, machine operator, and gun factory inspector, was not totally disabled, due to the ALJ's finding at step four that plaintiff retained the RFC to perform her past relevant work as a private duty nurse's aide.

The ALJ discussed activities that plaintiff could perform and noted that plaintiff's treatment records and the reports of her treating physicians, which were afforded controlling weight, established only that plaintiff was partially disabled from performing her past relevant work as a gun inspector, due to limitations on her ability to lift, carry, push, pull, rotate her neck, and lift items above shoulder level. Indeed, none of the reports of any of plaintiff's treating or examining physicians support her claim of total disability with respect to her physical and mental impairments. Although plaintiff urges the Court to find that a single statement by her primary physician that "[plaintiff's] depression and underlying mental illness would be the primary reason for her not to be able to work at this time" is dispositive of her disability claim, the ALJ appropriately rejected that statement, which is unsupported by any objective medical evidence in the record that plaintiff's depression prevents her from engaging in routine daily activities, or

- 4 -

interferes with cognitive, social or relational functions. (T. 281). To the contrary, the ALJ noted that the record includes multiple reports of not insignificant activity by the plaintiff, including various social and physical activities, including cooking, light housekeeping, shopping, horseback riding and even right-handed bowling. (T. 22, 24, 27).

I agree with the ALJ and conclude that there is substantial evidence to support his determination that plaintiff retained the requisite residual functional capacity, consistent with the opinions of her treating and examining physicians, to engage in sustained light work with lifting, carrying, and pushing/pulling nor more than 20 pounds, or 10 pounds frequently; standing and/or walking at least six hours out of an eight-hour work day; sitting at least six hours out of an eight-hour work day with no repetitive motion or above-shoulder reaching with her left arm; understanding, remembering, and carrying out simple instructions and making work-related decisions, concentrating, interacting appropriately with others, and adapting to routine changes and stress. (T. 28). I also agree with the ALJ that this residual functional capacity is sufficient to permit plaintiff to perform her past relevant work as a private duty nurse's aide – a finding which plaintiff, tellingly, has not challenged. (T. 29). As plaintiff described it, the private duty nurse's aide position involved making beds and helping to bathe, shower and dress patients, as well as some light cooking and food service, with lifting requirements of no more than ten pounds. *Id*.

Based on the foregoing, I believe the ALJ applied the proper procedure and that the factual determinations that he made and the conclusions that he reached are supported by substantial evidence. As such, I find no reason to modify that decision.

CONCLUSION

The Commissioner's decision that plaintiff, Mary Whitmore, was not disabled is in all

respects affirmed, and the complaint is dismissed.

IT IS SO ORDERED.

_____

DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        April 3, 2008.